Sharon MPOFU, Nelson Mukasa,
Petitioners,

v.

Alberto R. GONZALES, Respondent.

No. 05–6469–AG.

United States Court of Appeals,
Second Circuit.

July 12, 2006.

Kevin R. Murphy, Springfield, MA, for
Petitioners.

Catherine L. Hanaway, United States
Attorney, Eastern District of Missouri;
Andrew J. Lay, Assistant United States
Attorney, St. Louis, MO, for Respondent.

Present PIERRE N. LEVAL, REENA
RAGGI and RICHARD C. WESLEY,
Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this
petition for review of the Board of Immi-
gration Appeals ("BIA") decision, it is
hereby ORDERED, ADJUDGED, AND
DECREED that the petition for review is
DENIED.

Sharon Mpofu and Nelson Mukasa,
through counsel, petition for review of the
November 2005 order affirming Immigra-
tion Judge ("IJ") Michael W. Straus's deci-
sion denying their application for asylum,
withholding of removal, and relief under

the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales*, 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard.

■ Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). While the courts retain jurisdiction, under 8 U.S.C. § 1252(a)(2)(D), to review constitutional claims and "questions of law," Mpofu fails to raise this issue at all in her petition for review. The Court therefore lacks jurisdiction to review the agency's denial of asylum. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 546 n. 7 (2d Cir.2005) (emphasizing that issues not sufficiently argued in the briefs are considered waived and ordinarily will not be addressed on appeal). Because Mpofu fails also to meaningfully challenge the IJ's denial of her application for relief under the CAT, any challenge to the IJ's resolution of this issue is deemed waived. *Id.*

■ Section 1158(a)(3) applies only to asylum requests and does not divest this Court of jurisdiction under § 1252(a) to review final orders of removal which deny other relief, such as withholding of removal. *See Joaquin–Porras v. Gonzales*, 435 F.3d 172, 180–81 (2d Cir.2006).

Here, Mpofu's arguments to the Court are unavailing because substantial evidence supports the BIA's and IJ's adverse credibility determinations. The IJ accurately observed several material and substantial inconsistencies between Mpofu's testimony and her written application, her interview with the asylum officer, and her husband's testimony, including that: while Mpofu stated in her written application that she worked for the Johannesburg City Council and was arrested in January 1999, she testified that she worked for the Movement for the AIDS Council and was arrested in either October or November 1998; the assessment from the asylum officer indicates that Mpofu stated she was detained for one month, while she testified at the hearing that she was detained for three months; and while Mpofu testified that after she escaped from prison, she fled to the United States where she met up with her husband who was already here, her husband testified that he arrived in the United States after Mpofu. The IJ reasonably discredited Mpofu's explanation that she wrote in her application that she worked for the City Council because the Movement for AIDS Council, purportedly a non-governmental organization, was housed in its offices, and Mpofu failed to provide explanations for the other inconsistencies. *See, e.g., Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir. 2005) (stressing that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so). These inconsistencies support the IJ's adverse credibility determination because they are "substantial" when measured against the record as a whole. *See Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003).

Moreover, the IJ appropriately found that a lack of corroboration undercut Mpofu's credibility. Mpofu failed to provide documentation to support her claims that she worked for the Movement for the AIDS Council and that the ANC was targeting health care workers, and the IJ accurately noted that the Country Reports indicate that there is a free press in South Africa, the views of opposition political parties are well known, and that international human rights organizations freely operate in South Africa. Additionally, the IJ reasonably found it implausible that wide-scale arrest and persecution of health care workers in South Africa would not be reported on by AIDS organizations in the United States, or that Mpofu would be able to bribe a guard to help her escape with money concealed in her shoe. *See Majidi*, 430 F.3d at 80–81.

Furthermore, the BIA and IJ reasonably expressed concern about the authenticity of the *South Africa Sowetan Review* article. Although Mpofu testified that the *Review* was distributed or sold on the streets of Soweto as a newspaper, there was no evidence of a publisher or price, it was full of grammatical errors, and resembled a human rights report.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).